# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLEY A. ROBINSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-1563 |
| COUNTRYWIDE HOME LOANS, INC., BAC HOME LOANS SERVICING, LP, and BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS 2005-R1, | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Presently before the Court is a motion to compel filed by Plaintiff concerning a Rule 30(b)(6) deposition and related written requests for production of documents. (Docket No. 64). Specifically, Plaintiff seeks the production of documents that demonstrate the specific accounts and institutions where Plaintiff's alleged loan payments were deposited, as well as documents that verify Defendants paid the various fees and charges that were included in the loan reinstatement figures quoted to Plaintiff. (*Id*. at 24-30). In response, Defendants object to the production of said documents by alleging that documentation of particular deposit accounts is irrelevant and asserting that they have already produced the reinstatement calculation documents. (Docket No. 70 at 6). The motion has been briefed and oral argument was held on October 18, 2010. (Docket Nos. 64, 70, 71). Upon consideration of the parties' arguments, and for the following reasons, the Court finds that Defendants shall produce the requested documents and make available a 30(b)(6) witness for further deposition.

In advance of the Rule 30(b)(6) deposition, Plaintiff subpoenaed the aforementioned documents. (Docket No. 64 at 27). Prior to the deposition, Defendants objected to the

production of the documents on the basis of relevance. (*See* Docket Nos. 64 at 25; 70 at 6). To prevail, Defendants have the burden to show specifically how the request is irrelevant.[1] *See Rhoades v. YWCA*, Civ. No. 09-261, 2009 U.S. Dist. LEXIS 95486, at *27 (W.D. Pa. Oct. 14, 2009) ("Once a discovery request has been received, the party asserting that the request is irrelevant … must show specifically how the request is … irrelevant.") (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).

As reflected in her Second Amended Complaint, Plaintiff has alleged, *inter alia*, that Defendants have committed various tortious behavior, which includes misrepresenting the amount owed to reinstate her mortgage loan. (Docket No. 38 at 9, 11). Within the broad scope of discovery, a precise accounting of how Plaintiff's payments were both received and processed is relevant, at a minimum, to Plaintiff's claims of fraudulent behavior. Fed. R. Civ. P. 26(b); *see also Gateway Eng'rs, Inc. v. Edward T. Sitarik Contracting, Inc.*, 09-mc-209, 2009 U.S. Dist. LEXIS 94351, at *5 (W.D. Pa. Oct. 9, 2009) (reminding district courts that "relevance is a broader inquiry at the discovery stage than at the trial stage"). Thus, the Court overrules Defendants' objection and Defendants must produce the requested documents.[2]

In addition, Federal Rule of Civil Procedure 30(b)(6) requires that a noticed organization "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf…. The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "The designated deponent has a duty of being knowledgeable on the subject matter identified in the area of inquiry," and

---

[1] Instead, Defendants have chosen to support their relevance argument with conclusory statements and to place the onus on the Court "to search for any allegation that remotely relates to the application of payments made by plaintiff, or the accounts into which her payments were deposited." (Docket No. 70 at 6).

[2] In making its determination, the Court notes that, at the deposition in question, Defense counsel professed that a reasonably diligent search was conducted to locate the fee and charge documents. (Docket No. 64 at 28). No such declaration was made in reference to the payment application documents. (*Id.*).

"[a] corporation must prepare its selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." *Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*, Civ. No. 07-1029, 2008 U.S. Dist. LEXIS 85619, at *7 (W.D. Pa. Oct. 23, 2008) (quoting *Guy Chem. Co., Inc. v. Romaco N.V.*, Civ. No. 06-96, 2007 U.S. Dist. LEXIS 4287, at *31 (W.D. Pa. Jan. 22, 2007)). "The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Acutronic*, 2008 U.S. Dist. LEXIS 85619, at *7-8 (quoting *Romaco*, 2007 U.S. Dist. LEXIS 4287, at *32); *see also State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 216 (E.D. Pa. 2008) ("A Rule 30(b)(6) designee is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access."). Ultimately, "[w]hen a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), producing an unprepared witness is tantamount to a failure to appear that is sanctionable under Rule 37(d)." *Acutronic*, 2008 U.S. Dist. LEXIS 85619, at *8 (citing *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000)).

Here, the applicable notice of deposition requested that representatives of the Defendants be able to specifically answer questions relating to loan payments made by Plaintiff. (*See* Docket No. 64 at 25). Each Defendant designated the same witness to testify on its behalf under Rule 30(b)(6). (*Id*. at 27). Yet, a review of the deposition transcript indicates that the designated deponent was not prepared to and, consequently, was unable to substantively answer any questions relating to the processing of the payments. (*Id.* at 25-28). Although the deponent made some effort of elementary inquiry, (*Id.* at 25-27), the Court finds that the steps taken in

preparation were insufficient to produce adequate testimony, *see Acutronic*, 2008 U.S. Dist. LEXIS 85619, at *7.

Therefore, having found that each Defendant failed to produce a witness in accordance with the strictures of Rule 30(b)(6), coupled with the aforementioned failure to produce relevant discovery prior to the deposition, IT IS HEREBY ORDERED that Defendants shall produce the documents confirming the accounts and institutions into which Plaintiff's payments were deposited by **October 29, 2010 at 5:00 p.m.**;

IT IS FURTHER ORDERED that to the extent that Defendants have produced the documents exhibiting the fees and costs associated with the reinstatement figures, Plaintiff's motion to compel those documents is moot; and

FINALLY, IT IS ORDERED that, if Plaintiff so desires, each Defendant shall produce a witness to provide answers to paragraph 2d of Plaintiff's Notice of Deposition pursuant to Rule 30(b)(6). Said depositions shall be held in Pittsburgh, Pennsylvania, and shall occur by **November 15, 2010**. Defendants shall pay their own travel and lodging expenses.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: October 21, 2010
cc/ecf: All counsel of record.