IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLEY A. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 08-1563 |
| COUNTRYWIDE HOME LOANS, INC., ) | |
| BAC HOME LOANS SERVICING, LP, and ) | |
| BANK OF NEW YORK AS TRUSTEE FOR ) | |
| THE CERTIFICATEHOLDERS OF CWMBS ) | |
| 2005-R1, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Presently before the Court is a motion to compel filed by Plaintiff requesting the written agreement and cover memorandum that exist between certain Defendants[1] and the law firm Goldbeck, McCafferty & McKeever, P.C. (Docket No. 64). In response, Defendants object to the production of said documents by asserting both the attorney-client privilege under 42 Pa. Cons. Stat. Ann. § 5928 and the work product doctrine under Fed. R. Civ. P. 26(b). (Docket No. 70). The motion has been briefed and oral argument was held on October 18, 2010. (Docket Nos. 64, 70, 71, 84, 86, 88). Additionally, pursuant to a prior Court Order, the documents in question were submitted to the Court for an *in camera* review on October 22, 2010.[2] (Docket

---

[1] The agreement and cover memorandum were issued by Countrywide Home Loans, Inc. and Countrywide Home Loans Servicing, LP. As indicated in the joint stipulation filed on September 29, 2010, since the time the parties filed their respective pleadings in this action, the name of Defendant Countrywide Home Loans Servicing, LP has changed to BAC Home Loans Servicing, LP. (Docket No. 62).

[2] The cover memorandum is a 2-page, double-sided document which summarizes specific provisions of the written agreement and stipulates that the original, executed agreement should be returned to Countrywide Home Loans, Inc., Attn: Sherrie Krabbe.

The Attorney/Trustee Agreement for Handling Foreclosures and Bankruptcies (i.e., the "written agreement") is a 28-page document between Countrywide Home Loans, Inc., Countrywide Home Loans Servicing, LP, and, in this instance, the law firm Goldbeck, McCafferty & McKeever, P.C., who signed and acknowledged it.

No. 72). Upon consideration of the parties' arguments, the Court's examination of the documents,[3] and for the following reasons, the Court finds that Defendants shall produce redacted versions of the requested documents.

Pennsylvania law regarding the attorney-client privilege is applicable to this diversity action.[4] Fed. R. Evid. 501 ("[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which state law supplies the rule of decision, the privilege … shall be determined in accordance with State law."). The attorney-client privilege is codified by statute in Pennsylvania. *See* 42 Pa. C.S.A. § 5928. That statute provides that "[i]n a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client." *Id.* To properly invoke the attorney-client privilege, the following elements must be established:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

---

[3] As part of its examination, the Court sent Defendants, through an email with defense counsel, a series of inquiries on October 26, 2010. The Court received Defendants' responses to said questions the same day. In particular, Defendants advised the Court that the cover memorandum was sent by one of the Contract Negotiators within the Corporate Contracts Department at Countrywide Home Loans, Inc. and that the employee designated to receive the executed agreements was an administrative assistant within said department.

[4] Notably, neither the agreement nor the cover memorandum contains a choice of law provision. Further, within their briefing, each party has cited to Pennsylvania law in support of their respective positions. (*See* Docket Nos. 64, 70, 88). Thus, the Court sees no reason to *sua sponte* engage in a choice-of-law analysis. *Kraus Indus. Inc. v. Moore*, Civ. No. 06-542, 2007 U.S. Dist. LEXIS 68869, at *11-12 (W.D. Pa. Sept. 18, 2007).

*Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994). Ordinarily, fee agreements between a lawyer and client are not protected by the attorney-client privilege. *See Commonwealth v. Chmiel*, 889 A.2d 501, 531 (Pa. 2005), *cert. denied*, 127 S. Ct. 101 (2006).

Unlike the attorney-client privilege, the work product doctrine is governed, even in diversity cases, by a uniform federal standard embodied in Federal Rule of Civil Procedure 26(b)(3). *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988). Rule 26 provides, in relevant part, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). Within this framework, the United States Court of Appeals for the Third Circuit has held that a "fee agreement letter does not come within the ambit of the work-product privilege." *Montgomery County v. Microvote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) (citing *Murray v. Stuckey's Inc.*, 153 F.R.D. 151, 153 (N.D. Iowa 1993) (noting that fee arrangements are not prepared in anticipation of litigation such that work product privilege would apply)). As to both the attorney-client privilege and the work product doctrine, the party resisting discovery bears the burden of demonstrating its respective applicability as a bar to discovery. *McCrink v. Peoples Benefit Life Ins. Co.*, Civ. No. 04-1068, 2004 U.S. Dist. LEXIS 23990, at *3 (E.D. Pa. Nov. 29, 2004) (citing *Schmidt, Long & Assoc. Inc. v. Aetna U.S. Healthcare, Inc.*, Civ. No. 00-3683, 2001 U.S. Dist. LEXIS 7145, at *7 (E.D. Pa. May 31, 2001)).

While there are certain exceptions to the general rules that neither the attorney-client privilege nor the work product doctrine apply to fee information, in this Court's estimation, the mere proclamation in the text of a document that it constitutes a privileged communication is

insufficient, by itself, to warrant protection under either theory. *See Brown v. Smythe*, Civ. No. 90-3815, 1991 U.S. Dist. LEXIS 12983, at *11 (E.D. Pa. Sept. 12, 1991) (finding that baldly asserting either the attorney-client privilege or the confidentiality of the documentation sought is insufficient to establish that such documentation is, in fact, privileged). Nevertheless, courts on occasion have recognized that particular circumstances may warrant a different conclusion than the application of the general principles. *See In re Grand Jury Investigation*, 631 F.2d 17, 19 (3d Cir. 1980) ("[I]n the absence of unusual circumstances, the [attorney-client] privilege does not shield … fee arrangements."); *see also Gipson v. Sw. Bell Tel. Co.*, Civ. No. 08-2017, 2009 U.S. Dist. LEXIS 25457, at *44 (D. Kan. Mar. 24, 2009) ("If, however, the fee agreement or related document reveals the specific nature of services provided or legal advice given to the client, or discloses the attorney's legal conclusions or opinions, the agreement/document may fall within the scope of the [work product doctrine].").

Here, the Court believes that it is faced with one such unique situation and finds that limited portions of the documents in question are protected by both the attorney-client privilege and the work product doctrine. S*ee Fondrk v. Westmoreland County*, Civ. No. 04-900, 2007 U.S. Dist. LEXIS 30911, at *2-3 (W.D. Pa. Apr. 26, 2007) (finding after the conclusion of an *in camera* review that limited portions of the documents were protected by the attorney-client privilege). Accordingly, those portions shall be redacted. *See Id*. at *3. However, all other portions of the written agreement and cover memorandum, as identified below, must be produced to Plaintiff, unredacted. In making this determination, the Court notes that because both the attorney-client privilege and work product doctrine obstruct the truth finding process, they must be "strictly confined within the narrowest possible limits consistent with the logic of

their principles." *In re Grand Jury Matter*, 147 F.R.D. 82, 84 (E.D. Pa. 1992) (quoting *In re Grand Jury Investigation*, 599 F.2d 1224, 1235 (3d Cir. Pa. 1979)).

Having found that certain portions of the requested documents are protected by the attorney-client privilege, the Court now turns to Plaintiff's alternative argument that the documents must be produced on the basis of the crime-fraud exception to the attorney-client privilege. (Docket Nos. 84, 86). Specifically, Plaintiff contends that Defendants "conspired" with the law firm Goldbeck, McCafferty & McKeever, P.C. to permit the unauthorized practice of law by non-attorney personnel at the firm. (Docket No. 86 at ¶ 27).

Under Pennsylvania law, as the party seeking to overcome the privilege, Plaintiff "has the burden of establishing a prima facie case that the party asserting the privilege is committing a crime or fraud or continuing the same in exercising the privilege." *Brennan v. Brennan*, 422 A.2d 510, 517 (Pa. Super. Ct. 1980). To do so, Plaintiff must present evidence which, if believed by the fact-finder, demonstrates that: (1) the client was committing or intending to commit a fraud or crime, and (2) the attorney-client communications were in furtherance of that alleged crime or fraud. *Weniger v. Nationwide Ins. Co.*, Civ. No. 05-5396, 2006 U.S. Dist. LEXIS 33800, at *2 (E.D. Pa. May 26, 2006). Notably, the crime-fraud exception is limited, with a "precise focus." *Frieman v. USAir Group*, Civ. No. 93-3142, 1994 U.S. Dist. LEXIS 16994, at *26 (E.D. Pa. Nov. 23, 1994). Thus, to subject otherwise privileged communications to disclosure, it does not suffice that the communications may be related to a crime or fraud. *See Id.* (quoting *United States v. White*, 887 F.2d 267, 271 (D.C. Cir. 1989)). Instead, the exception applies only when a communication is made with an intent to further a future unlawful act. *Id.*

Within this standard, the Court finds that Plaintiff has failed to make an evidentiary showing sufficient to warrant invocation of the crime-fraud exception. Particularly, the Court

highlights Plaintiff's inability to show that Defendants intended for the law firm Goldbeck, McCafferty & McKeever, P.C. to commit the alleged unauthorized practice of law. (*See* Docket Nos. 84, 86).

Therefore, for the reasons stated, and in conjunction with the Court's previous rulings, (Docket Nos. 72, 73, 74), IT IS HEREBY ORDERED that Plaintiff's First Motion to Compel [64] is GRANTED, in part and DENIED, in part;

IT IS FURTHER ORDERED that Defendants shall produce Sections 4, 5, and 10 of the cover memorandum to Plaintiff by **November 22, 2010 at 5:00 p.m.**;

IT IS FURTHER ORDERED that Defendants shall produce Sections 7, 8, 9, 10, 14, 18, 19, 20, and 24 of the written agreement to Plaintiff by **November 22, 2010 at 5:00 p.m.**;

IT IS FURTHER ORDERED that Defendants shall produce the Acknowledgement page, Schedule 2 to Attorney/Trustee Agreement, and the Westport Insurance Customized Practice Coverage Declarations, which were all attached to the written agreement, to Plaintiff by **November 22, 2010 at 5:00 p.m.**;

FINALLY, IT IS ORDERED that, pursuant to Fed. R. Civ. P. 37(a)(5)(C), each party shall bear its own costs and fees incurred with respect to Plaintiff's motion.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: November 16, 2010
cc/ecf: All counsel of record.