# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLEY A. ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 08-1563 |
| COUNTRYWIDE HOME LOANS, INC., BAC HOME LOANS SERVICING, LP, and BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS 2005-R1, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER

Presently before the Court is a motion for sanctions filed by Plaintiff relating to her discovery request that Defendants identify the owners of the specific accounts where Plaintiff's alleged loan payments were deposited, along with the owners of those accounts from and into which Defendants paid the various alleged fees and charges that were included in the loan reinstatement figures quoted to Plaintiff. (Docket No. 114). Specifically, Plaintiff seeks to preclude Defendants from offering any evidence of the fees and costs that were allegedly incurred and paid by Defendants while Plaintiff attempted to bring her loan current as a consequence of Defendants' failure to comply with the provisions of this Court's Memorandum Order dated October 21, 2010, (*see* Docket No. 74), and subsequent failure to satisfy the terms of the parties' five-part discovery production agreement, which was read on the record at a motion hearing held on February 3, 2011.[1] (*See* Docket No. 114 at 3-5) In response, Defendants

---

[1] By way of background, on October 8, 2010, Plaintiff filed a motion to compel, (Docket No. 64), which requested, *inter alia*, that the Court order Defendants to produce "[a]ll documents evidencing the accounts into which Plaintiff's payments were deposited, [and] the owner of those accounts," (Docket No. 64-2). Defendants objected to the production of said documents by alleging that documentation of particular deposit accounts was

1

initially dispute that they were required, pursuant to the aforementioned Court Order, to identify the account owner and number of each account into which fees and costs relating to Plaintiff's loan were paid. (Docket No. 116 at 2 n.2). Additionally, Defendants oppose the imposition of sanctions by alleging that they made a good faith effort to comply with Plaintiff's discovery request and asserting that Plaintiff has not been prejudiced by the delayed production. (*See* Docket No. 116 at 4-5). The motion has been briefed and is ripe for disposition. (Docket Nos. 114, 116). Therefore, upon consideration of the parties' arguments, IT IS HEREBY ORDERED that Plaintiff's Motion [114] is DENIED for the following reasons:

1. "The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976)).

2. The United States Court of Appeals for the Third Circuit has cautioned that the exclusion of evidence for violation of a discovery order is an "extreme sanction." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003) (citing *In re TMI Litig.*, 193 F.3d 613, 721 (3d Cir. 1999)). In fact, as recognized by the Court of Appeals in *Ali v. Sims*, there is a "strong presumption against sanctions that

---

irrelevant. (Docket No. 70 at 6). Upon consideration of the parties' arguments, the Court overruled Defendants' objection and ordered Defendants to produce the requested documents. (Docket No. 74).

    Thereafter, Plaintiff filed a second motion to compel on January 28, 2011. (Docket No. 106). In this later motion, Plaintiff acknowledged that Defendants provided her with an affidavit identifying payments of fees and costs, but averred that said affidavit identified neither the account numbers nor the owners of said account. (*Id.*). Defendants initially opposed Plaintiff's motion, (*see* Docket No. 111), and, at the request of Plaintiff's counsel, the Court scheduled oral argument to occur on February 3, 2011. However, instead of argument, at the hearing the parties advised the Court that the issues presented in the motion had been resolved and stated their five-part agreement on the record. (Docket No. 112). Accordingly, that same day, the Court entered an Order, which denied Plaintiff's second motion to compel, as moot. (Docket No. 113).

decide the issues of a case." 788 F.2d 954, 958 (3d Cir. 1986) (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

3. In evaluating the propriety of Rule 37 sanctions, the Court must consider, *inter alia*, whether there is a history of dilatoriness, whether the attorney's or party's conduct was willful or in bad faith, and the prejudice to the opposing party. *See Sims*, 788 F.2d at 957.

4. In this Court's estimation, the conduct at issue does not warrant the "extreme sanction" that is the exclusion of evidence. *See Ware*, 322 F.3d at 221. Pursuant to the parties' stated agreement, Defendants were to verify by February 9, 2011 whether any of the Defendant companies or their corporate family owned any of the accounts into which the alleged fees and costs charged to Plaintiff were paid to or from. (Docket No. 114 at 3). Defendants admit this did not occur. (*See* Docket No. 116 at 3). Nevertheless, the record before the Court does not demonstrate either a history of dilatoriness or that this nonperformance was the result of conduct that was willful or in bad faith. In fact, the opposite appears to be true. (*See*, *e.g.*, Docket No. 101 at 2) (representing in a joint motion that "[c]ounsel for the parties have worked diligently to complete … discovery"). Markedly, the Court reaches this conclusion despite its finding that the subject matter of the instant motion, i.e., Plaintiff's request that Defendants identify the owner(s) of the bank accounts from and into which various alleged fees and costs were paid, was resolved by the Memorandum Order issued on October 21, 2010. (*See* Docket No. 74).

5. Furthermore, the Court finds that any prejudice to Plaintiff, which may have been caused by Defendants' delayed production, has been cured. As stated in a letter from Plaintiff's counsel to Defense counsel dated February 18, 2011, Defendants provided Plaintiff with a two-page supplemental declaration providing information relative to account ownership ten minutes before the final scheduled Rule 30(b)(6) deposition of Defendants. (Docket No. 116-2 at 27). Given the timing of production, Defendants offered to allow Plaintiff's counsel the opportunity during the deposition to review the information and to formulate questions. (Docket No. 116 at 3). It is unclear whether this occurred. (*Compare Id.*, *with* Docket No. 116-2 at 27). However, the letter of February 18, 2011 reflects that Plaintiff's counsel "did manage to read a bit of [the supplemental declaration] during the deposition," (Docket No. 116-2 at 27), and the transcript of the Rule 30(b)(6) deposition further reflects that Plaintiff's counsel did question the witness about said declaration, (*Id.* at 23-25). Thus, as the discovery in question was neither lengthy nor complicated, it is this Court's opinion that there has been no prejudice in this circumstance which has not been cured.

6. Finally, although permitted by Federal Rule of Civil Procedure 37, given the degree of severity of the transgression in question was light, the Court declines to enter an Order requiring Defendants or Defense counsel to pay the reasonable expenses, including attorney's fees, caused by Defendants' failure to comply with an order to provide discovery. *See Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 241 (3d Cir. 2007). This conclusion is buttressed by the fact that

Plaintiff has not sought monetary sanctions relating to Defendants' conduct. (*See* Docket No. 114).

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: March 2, 2011
cc/ecf: All counsel of record.